CRUZ, PLAINTIFF AND APPELLEE, *v.* SANTIAGO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in an Action of Filiation and for Support.

No. 1393.—Decided June 19, 1916.

FILIATION—NATURAL CHILD—ACKNOWLEDGMENT.—In this case the testimony appearing in the transcript of the record shows that Benigna Cruz lived in concubinage with Felipe Santiago at the time stated in the complaint; that the child, Rosa María Cruz, was the offspring of such relations; that the defendant paid the expenses of the delivery; that the said relations continued until the year 1901, when Felipe Santiago married another woman; that when the child was four years old the mother placed it in the care of its godfather, Escolástico Roger, who lived with a sister of Benigna; that Felipe Santiago provided financially for the mother and daughter while they lived together and afterwards gave money weekly to Roger for the care and support of the child, generally handing it to him personally but at times sending it by Rosa María, the last payment having been made on the day the complaint was filed; that the appellant stated before several persons that Rosa María Cruz was his daughter, gave her his paternal blessing on several occasions and told Escolástico Roger that he did not acknowledge her lawfully as his daughter because his wife objected; that Roger took Rosa María Cruz on a visit to the house of Felipe Santiago in the year 1914 and she was there again in December or January of 1915. *Held:* That such acts are strong and convincing proof that Felipe Santiago acknowledged his natural daughter, Rosa María.

ID.—EVIDENCE—INFERENCE.—When a defendant who is present at the trial of an action of filiation does not testify in rebuttal of the evidence regarding his acts and statements, this fact warrants an inference by the court that he did not dare contradict the same under oath. The fact that the defendant verified the answer denying the acts of acknowledgment charged in the complaint and that when called by the plaintiff to testify as her witness he was only questioned regarding his means for the purposes of her claim for support and was not interrogated regarding the acts of acknowledgment, does not lessen the force of the inference.

ID.—POSSESSION OF STATUS OF NATURAL CHILD—ACTS OF ACKNOWLEDGMENT.—
In order that the continuous possession of the status of natural child may.
exist it is not necessary that the acts of acknowledgment began at its birth
and continued until the action was brought, provided there was a series of
acts which showed the intention of the father to acknowledge the natural
child sufficiently strong to justify the conclusion that not being isolated
they are a continuation of acts which show the child to be in possession of
an uninterrupted status of natural child.

AMOUNT IN LITIGATION—ATTORNEY FEES—SUPPORT.—When no property is claimed
in an action of filiation, no amount is involved; therefore attorney fees
cannot be allowed even when the judgment grants an amount for support.

The facts are stated in the opinion.

*Messrs. José* and *Manuel Tous Soto* for the appellant.

*Mr. Rafael Martínez Nadal* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

On April 1, 1915, Benigna Cruz brought an action in the name of her minor daughter, Rosa María Cruz, against Felipe Santiago, praying for judgment declaring said daughter to be the acknowledged natural child of Santiago and entitled to the rights conferred on natural children by the Civil Code. The complaint further prayed for an allowance for the support of the minor until she reached the age of eighteen years.

As fundamental grounds for the action of filiation it was alleged in the complaint that at the beginning of the year 1899 Benigna Cruz was seduced by Felipe Santiago and lived in concubinage with him; that as a result of such relations plaintiff Rosa María Cruz was born on April 20, 1900; that the defendant always treated her as his child, providing for her wants, referring to her as his daughter in public before divers persons, taking her to his home on periodical visits, where she remained for three months, or from June to September in 1914, and again in January, 1915; that several times the defendant told Escolástico Roger, who took care of the plaintiff, that she was his daughter and that he would acknowledge her as such lawfully if it were not for the objection of his wife, and that when she was born her parents were both single and without impediment to contract marriage.

In support of the claim for alimony the complaint alleges the extent of the means of the defendant.

The complaint was verified by Benigna Cruz and the defendant also verified his answer in which he denied the allegations of the former.

The case was tried on June 19, 1915, and the lower court held that the allegations of the complaint relative to the alleged acts of acknowledgment had been proved and rendered judgment declaring Felipe Santiago to be the natural father of Rosa María Cruz and ordered him to pay $30 monthly to his daughter for her support until she reached the age of eighteen years, as well as the costs, disbursements and attorney fees of the plaintiff. From that judgment and from the order approving the memorandum of costs, because it contained an amount for attorney fees, the defendant took the present appeal.

The only ground on which the appellant bases his prayer for reversal of the judgment appealed from is that the evidence does not support the finding of the lower court that Rosa María Cruz is his natural daughter, because it is not strong and convincing, as we have held it should be in an action of filiation. *Négueruela* v. *Samohano,* 16 P. R. R. 658, and *Méndez* v. *Martínez,* 21 P. R. R. 238.

Let us see, therefore, whether the evidence is sufficiently strong and convincing to support the finding of the court *a quo,* that Rosa María Cruz is the natural child of appellant Felipe Santiago.

An examination of the testimony included in the transcript of the record shows that Benigna Cruz lived in concubinage with Felipe Santiago at the time mentioned in the complaint; that as a consequence of such relations the child Rosa María Cruz was born and the defendant paid the expenses of the delivery; that the said relations continued until 1901, when Felipe Santiago married another woman;

that when the child was four years of age the mother entrusted it to the care of its godfather, Escolástico Roger, who lived with Benigna's sister; that Felipe Santiago attended to the pecuniary wants of the mother and child while they lived together and afterwards paid Roger a sum of money weekly to supply the child's needs either directly or through Rosa María, the last instalment having been paid on the day the complaint was filed; that the appellant has stated in the presence of several persons that Rosa María Cruz is his child, has given her his blessing on repeated occasions and, told Escolástico Roger that the reason he did not acknowledge her lawfully as his daughter was because his wife objected, and that Roger took Rosa María Cruz to the home of Felipe Santiago in 1914 on a visit, whither she returned in December or January, 1915.

It is true that many of these facts were contradicted by the witnesses for the defense and that the principal witness in the case was Rosa María Cruz, who was then fifteen years of age, but as the findings of the judge of the lower court give credit to these facts, we must accept them as true inasmuch as the judge saw the witnesses and heard their testimony and hence was in a better position than we are to pass upon their credibility, for we can judge of the testimony of the witnesses only from the summary thereof which is included in the statement of the case.

We are of the opinion that these facts constitute strong and convincing proof of the acknowledgment by Felipe Santiago of Rosa María as his natural child, taking into account also that although present at the trial the defendant did not testify in contradiction of the testimony relating to his acts and avowals, thus allowing the court to draw the inference that he did not dare to contradict the same under oath. One of the grounds on which we affirmed the judgment of filiation in the case of *Fajardo* v. *Tió,* 17 P. R. R. 230, was the failure of the defendant father to testify, and we there cited section

102 of the Law of Evidence and Wigmore on Evidence, section 298, in regard to such circumstance. It is true that the defendant verified the answer denying the acts of acknowledgment imputed to him in the complaint, but such sworn denial is only a requirement of procedure which lacks the probative value of sworn testimony at the trial which is subject to cross-examination by the adverse party. Nor does the fact that when the plaintiff called the defendant to testify she questioned him only regarding his means for the purposes of her claim for support and did not interrogate him regarding the acts of acknowledgment, weaken the inference arising from his failure to deny the acts imputed to him by the witnesses for the plaintiff; for, as to the latter, the testimony of the defendant was not evidence of a superior character, inasmuch as, in view of his answer to the complaint, he was necessarily a hostile witness.

The theory of the appellant in the present case is that there is not a continuation of acts of acknowledgment on his part because there is a gap in the evidence from the time the child was four years of age up to the year 1914 when she visited his home, and that only isolated acts are shown.

It is not necessary to the existence of the continuous possession of the status of natural child that the acts of acknowledgment should begin from the time of birth and continue up to the filing of the complaint if there is a continuation of acts showing the intent of the father to acknowledge the natural child sufficient to justify a conclusion that they are not isolated but, on the contrary, are a continuation of acts which show the child as enjoying the uninterrupted relation of natural child. *Méndez* v. *Martínez*, 21 P. R. R. 238. But in this case it further appears that the acts of acknowledgment began at the birth of the child and continued until the action was begun, for the claim of appellant that there is a break in the evidence is due to the fact that he overlooks the testimony of Escolástico Roger, according to which Felipe

Santiago always gave him money to provide for his daughter, Rosa María Cruz.

The result of the evidence to which the court gave credence is not only that Rosa María Cruz is the issue of the relations between the defendant and Benigna Cruz when both were single, but that from that time until the commencement of the action he has been supporting his daughter; that he has referred to her as such in the presence of various persons, and that he has had her in his house at different times—facts which are sufficiently strong and convincing to show the uninterrupted possession of the status of his natural child by his direct acts, and, therefore, that the plaintiff proved the requirements prescribed by the law in force at the time of her birth, and that the lower court did not commit the error charged of rendering judgment unsupported by the evidence.

As to the payment of attorney fees referred to in this appeal, we must say that in an action of filiation of this kind, in which no property is claimed, there is no amount in controversy. Therefore, pursuant to our decision in the case of *Modesto* v. *Succession of Dubois,* 16 P. R. R. 709, attorney fees cannot be recovered. It is true that in the complaint praying for a decree of filiation a monthly allowance of $75, until Rosa María Cruz should reach the age of eighteen years, was also claimed, and that the judgment orders the payment of $30 monthly for that period of time; but, according to the jurisprudence laid down in the action for support of *Luzunaris* v. *Díaz,* 23 P. R. R. 616, attorney fees are not recoverable. Hence, the judgment appealed from should be modified in this particular, as should be also the order approving the memorandum of costs, by striking out the item of attorney fees.

*Modified and affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.